HAYNES, Circuit Judge, dissenting:
I respectfully dissent from the court's decision to extend Bartel v. Alcoa Steamship Co. , 805 F.3d 169 (5th Cir. 2015), to the facts of this case. I agree that we are bound by the legal standard that Bartel and progeny established. But even under that standard, Avondale should prevail on the jurisdictional issue.
The core fact that distinguishes this case from Bartel is that Latiolais was a member of the Navy. He was subject to Avondale's actions exclusively because the Navy assigned him to the USS TAPPAHANNOCK . The Navy alone, not Avondale, could control Latiolais's actions.
Our case law, including Bartel , has never addressed such a situation.[1] Though we are bound to apply the standard that Bartel uses-the causal nexus test-the result is not predetermined.
Latiolais's status as a Navy man and Avondale's status as a contractor for the Navy satisfies the causal nexus test. The Supreme Court has held that the causal nexus test is satisfied when defendants "have shown that their relationship to [a plaintiff] derived solely from their official duties." Willingham v. Morgan , 395 U.S. 402, 409, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). Latiolais had no relationship with Avondale other than through its contract to refurbish the USS TAPPAHANNOCK . Their relationship is therefore "derived solely" from Avondale's official duties.
The majority opinion seems to agree with this point, noting that Willingham "suggest[s] that removal is proper" based on that test, but it reasons that our decision in Zeringue v. Crane Co. , 846 F.3d 785 (5th Cir. 2017), forbids it. Zeringue does not prohibit removal. Zeringue does say that negligence claims like those in Bartel involve "private conduct that implicated no federal interest." Zeringue , 846 F.3d at 794. But that statement must be read in light of the facts of Bartel , which involved an employee of a private, federal contractor suing the contractor. There, the relationship involves private conduct because it centers on a private contractor directing the work of its private employees-a relationship that would exist independent of federal involvement. But here, the relationship is not wholly private. Both Avondale and Latiolais were at the ship at the direction of the federal government and neither could control the other's behavior. The treatment of federal workers by a contractor for the federal government implicates a "federal interest." Id.
Other circuits have reached the same result based on nearly identical facts. See *414 Ruppel v. CBS Corp. , 701 F.3d 1176, 1179, 1181 (7th Cir. 2012) (concluding that a Navy man satisfied the causal nexus test against for his negligence claim against contractor that "manufactured, sold, distributed, or installed" turbines with asbestos under the direction of the navy); Bennett v. MIS Corp. , 607 F.3d 1076, 1088, 1091 (6th Cir. 2010) (concluding the causal nexus test was satisfied for FAA employees against a company that remediated mold at their work site). I would follow these cases and conclude that the district court had jurisdiction; therefore, I respectfully dissent.

Because this case differs significantly from the Bartel line of cases, it is not a good vehicle to take the underlying issue en banc even assuming arguendo that the Bartel line of cases are wrong.